Orville H. MARTIN, father and natural
guardian of Orville Neil Martin,
a minor, Appellant,

v.

Emma HOUSER, Executrix of the Estate
of William J. Houser, deceased,
et al., Appellees.

No. 17490.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1962.

Rehearing Denied March 16, 1962.

McCarthy & Adams, Leslie McCarthy, Lewiston, Idaho, Charles T. Sharp, Clarkston, Wash., for appellant.

Minnick, Hahner & Tuttle, Herman Hahner, Walla Walla, Wash., for appellee.

Before BONE, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge.

In this State of Washington personal injury case brought in Federal Court because of diversity of citizenship, the District Court, in accordance with Rule 50(a), Fed.R.Civ.Proc., 28 U.S.C.A., granted appellees' motion for a directed verdict and dismissal of the action at the close of appellant's case. Judgment of dismissal was entered and thereafter the District Court denied appellant's motion for a new trial.

The essence of the District Court's oral opinion directing the entry of the judgment is that appellant was a licensee to whom, under the settled law of the State of Washington, appellees owed only the duty not to wilfully and wantonly injure him, and there was no evidence of wilful or wanton injury of appellant by appellees.

The evidence, which is not in material dispute, stated in a light most favorable to appellant may be summarized as follows:

The injured minor, hereinafter referred to as "appellant," was approximately 12 years of age, living with his parents on a farm in the general area of Alpowa Creek. On the day of the accident, appellant was directed by his father to round up a stray cow which had stray-

ed from his father's farm to an adjoining farm owned by Eugene Wilson who is not a party to this action. While searching for the cow, appellant traveled along a path or trail through heavy brush on the north bank of an irrigation ditch. Upon sighting the cow on the Wilson property, appellant started to run, tripped over a rock and fell 3 or 4 feet into a water wheel located in the irrigation ditch in which no water was flowing, and sustained the injuries which prompted the filing of the complaint against appellees.

It appears that a number of years before the accident, appellees or their predecessor in interest acquired a water right to a certain quantity of the waters of Alpowa Creek for irrigation purposes and an easement to maintain a ditch from Alpowa Creek across the lands of several other landowners including appellant's father and the Wilsons, which ditch supplied irrigation water not only to appellees' land but also to the lands of others crossed by the ditch.

The path or trail along which appellant had been traveling had been used for a number of years by employees of appellees in making their way from the head gate down to the weir to check the water, and for the same purpose by other landowners having the right to take water from the ditch. The path or trail also had been used by hunters, fishermen, neighbors and children bent on swimming in Alpowa Creek.

In 1955, the Washington State Fish & Game Commission, with the tacit consent of appellees, installed a water wheel and fish screen in the irrigation ditch as it crossed the Wilson land just off Alpowa Creek, in order to prevent fish from getting into the irrigation ditch. Sometime prior to the accident, appellees raised the fish screen and removed the chain which connected the wheel to the fish screen, thus permitting the wheel to move in either direction.

There is evidence that appellees knew that this apparatus was dangerous to those who might accidentally come in contact with it, and appellant's father considered the apparatus dangerous to children of tender age. There is no evidence that anyone regarded the irrigation ditch as a dangerous installation either from its use, location or manner of construction. The entire controversy centers around the single theme that the fish wheel apparatus in its then condition was a dangerous instrumentality where it was located in the irrigation ditch.

Counsel are in agreement that the law of the State of Washington is well settled that the only duty owing to a licensee or trespasser by a landowner is to abstain from wilfully and wantonly injuring him. In Garner v. Pacific Coast Coal Co., 3 Wash.2d 143, at page 150, 100 P.2d 32, at page 35 (1940), the Supreme Court of Washington stated:

"A long line of decisions in this state has emphatically declared and definitely settled the rule that, as to a bare or mere licensee, the owner or occupant of land owes only the duty of not wilfully or wantonly injuring him."

It is appellant's main contention that there was sufficient evidence upon which a jury could find that the path or trail on which appellant was running was a public way and, therefore, whether appellant was an invitee or licensee of appellees', was a fact question to be determined by the jury under proper instructions.

Appellant does not claim that the public had acquired a prescriptive right to use the path or trail as a public way, and the evidence falls far short of sustaining such a claim. See Roediger v. Cullen, 26 Wash.2d 690, 175 P.2d 669. The most that can be said under the evidence in this case is that neighbors, children, hunters and fishermen were allowed to use the path or trail as a matter of friendly accommodation or convenience to them. There is no evidence that appellees controlled or attempted to control the use by others of the path or trail, and there is no evidence that appellees, under the ditch easement, had the right to do so. The facts in the in-

stant case are strikingly similar to those in the Garner case, supra. In Garner, the Court stated, 100 P.2d at p. 34:

"For at least 30 years a path or trail ran along and over the refuse dump, between the present Hobart-Issaquah road and Issaquah creek. The path was two or three feet in width, was well beaten and was easily discernible. In years gone by residents of the surrounding area had been in the habit of using the path for purposes of ingress and egress over the land and, more recently, for the purpose of visiting the state fisheries dam and hatchery now located on Issaquah creek. Respondent neither prohibited nor warned persons against use of the path or crossing of the premises, which for years had been wild, unoccupied land."

In Garner it appeared that the injured plaintiffs were returning from a social call and were walking along the path over the refuse dump when suddenly the top of the path gave way causing them to fall or sink to a depth of several feet into a bed of hot cinders. The plaintiffs contended that because of the pathway, they were in fact invitees on the defendant's property and that the defendant thus owed them the duty of using reasonable care. The Court rejected such contention and stated, 3 Wash.2d at p. 148, 100 P.2d at page 35:

"An invitee is one who is either expressly or impliedly invited onto the premises of another for some purpose connected with the business in which the owner or occupant is then engaged, or which he permits to be conducted thereon; there must be some real or supposed mutuality of interest in the subject to which the visitor's business or purpose relates."

Appellant's presence on the path or trail served no purpose in which the appellee could have conceivably been interested. His presence conferred no benefit on appellees. He was on the path or trail for the sole purpose of retrieving a cow that had strayed onto the Wilson property. We are completely satisfied under Washington law that there is no evidence in the record upon which the jury could find that the appellant had the status of an invitee of the appellees.

Appellant calls to our attention the case of Sherman v. City of Seattle, 157 Wash. Dec. 124, 356 P.2d 316. In that case the injured child was 3 years of age and lived on a tract of land which was under the exclusive ownership and control of the defendant. The defendant operated on such land a lift device which caused injury to the child. Because of the physical outlay of the community, children not only came voluntarily but were in fact compelled to come in close proximity to the lift site. Under the unusual facts of that case, the Supreme Court of Washington held that the defendant was liable for the child's injuries irrespective of the child's status because the presence of a young child upon the lift site was reasonably foreseeable. It is patent that the rule laid down in the Sherman case has no application to the facts of the instant case.

Appellant finally contends that the conduct of appellees in maintaining the fish wheel in the irrigation ditch and in the condition in which the apparatus was at the time of the accident, amounts to active negligence and imposes liability upon the appellees, even though the status of the appellant was that of a licensee. We find no merit in this contention. Appellant was not attracted or lured to the path or trail by the presence of the fish wheel. The fish wheel did not cause appellant to leave the path or trail. The proximate cause of appellant's injuries was his tripping on a rock while running along the path or trail. The fact that appellant fell upon the fish wheel instead of hitting the bottom of the ditch, and presumably sustained injuries more serious than would otherwise have occurred, does not create a liability where none existed, absent the presence of the fish wheel.

Judgment of dismissal and the order denying a new trial are affirmed.